**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ROBERTO GOMEZ

               Plaintiff,

    v.

ZAFAR PRODUCE, INC., WALI TRUCKING, INC., and SYED ASIF IQBAL

               Defendants.

**COMPLAINT**

**Civil Action No.**

**JURY TRIAL REQUESTED**

## I.    PRELIMINARY STATEMENT

1.    For approximately four years, Plaintiff Roberto Gomez was employed by the Defendants in their wholesale produce distribution business in Orange County, New York. Throughout that time, Defendants subjected Mr. Gomez to derogatory and offensive treatment, and created and acquiesced in a hostile work environment on the basis of his race and/or national origin.

2.    On or about March 2025, Defendants terminated Plaintiff's employment for refusing an order to drive a truck for which he did not have the appropriate license.

## II.    JURISDICTION AND VENUE

3.    Plaintiff alleges that Defendants violated the provisions of 42 U.S.C. § 2000e *et seq.* ("Title VII") and the New York State Human Rights Law ("NYSHRL") prohibiting discrimination on the basis of race and national origin.

4.    This Court has subject matter jurisdiction pursuant to Title VII, 42 U.S.C. § 2000e *et seq.* and 28 U.S.C. §§ 1331 and 1337.

5.      With respect to the state law claim, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 in that the state law claim derives from a common nucleus of operative fact and is so related to the federal claim that they form part of the same case or controversy under Article III of the United States Constitution.

6.      Venue is appropriate in the Southern District of New York pursuant to 28 U.S.C. § 1391(b), as the events giving rise to this claim occurred primarily within this judicial district.

7.      On or about September 2025, Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission claiming discrimination on the basis of race and national origin.

8.      Plaintiff received a Notice of Right to Sue and has timely commenced this action within 90 days of receipt thereof.

### III.    PARTIES

9.      Plaintiff Roberto Gomez ("Plaintiff") is an adult individual of Mexican heritage and resident of the State of New York, Orange County.

10.     At all times relevant to this Complaint, Plaintiff was an employee of defendant Zafar Produce, Inc. (hereinafter "Zafar Produce") as that term is defined by

      a.      Title VII, 42 U.S.C. §2000e(f), and

      b.      the NYSHRL, N.Y. Exec. Law § 292.

11.     At all times relevant to this Complaint, Plaintiff was an employee of defendant Wali Trucking, Inc. (hereinafter "Wali Trucking") as that term is defined by

      c.      Title VII, 42 U.S.C. §2000e(f), and

      d.      the NYSHRL, N.Y. Exec. Law § 292.

12. Upon information and belief, Zafar Produce is a corporation doing business in the State of New York as a wholesale food service distributor and is headquartered at 115 Corporate Drive, New Windsor, NY 12553.

13. Upon information and belief, Wali Trucking is a corporation doing business in the State of New York as a wholesale food service distributor and is headquartered at 115 Corporate Drive, New Windsor, NY 12553.

14. Upon information and belief, Defendant Syed Asif Iqbal is, and at all times relevant to the Complaint, was, an owner and manager of Zafar Produce and Wali Trucking.

15. At all times relevant to the Complaint, Mr. Iqbal had the power, and did in fact exercise the power, to hire and fire Zafar Produce and Wali Trucking employees, set employees' wages and work schedule, and retain time and/or wage records, and otherwise control the terms and conditions of employment of Zafar Produce and Wali Trucking employees, including Plaintiff.

16. At all times relevant to the Complaint, Mr. Iqbal aided, abetted, incited, compelled, or coerced, acts forbidden under NYSHRL in violation of N.Y. Exec. Law § 296(6).

17. At all times relevant to this Complaint, Zafar Produce was an employer of the Plaintiff as that term is defined by

    a. Title VII, 42 U.S.C. §2000e(b), and

    b. the NYSHRL, N.Y. Exec. Law § 292.

18. At all times relevant to this Complaint, Wali Trucking was an employer of the Plaintiff as that term is defined by

    a. Title VII, 42 U.S.C. §2000e(b), and

b. the NYSHRL, N.Y. Exec. Law § 292.

19.     At all times relevant to this Complaint, Mr. Iqbal was an employer of Plaintiff as that term is defined by the NYSHRL, N.Y. Exec. Law § 292.

20.     At all times relevant to the Complaint, Zafar Produce and Wali Trucking employed more than 15 employees and engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 2000e(b).

21.     At all times relevant to the Complaint, Mr. Iqbal was an agent of Zafar Produce and Wali Trucking within the meaning of 42 U.S.C. § 2000e(b).

## IV.    FACTS

29.     Upon information and belief, Zafar Produce and Wali Trucking are a unified food service distribution business operating from the same physical location, their headquarters in Orange County, NY. The two nominally separate entities share ownership, management, employees, a warehouse, and vehicles.

30.     Mr. Iqbal exercises managerial authority over both companies and creates and implements their employment policies and practices.

31.     Plaintiff worked for Defendants from approximately February 2021 until March 2025.

32.     He was initially hired by a manager known as "John." Starting around 2022, he was supervised by Mr. Iqbal.

33.     Plaintiff's duties and responsibilities included loading and unloading delivery trucks, picking produce orders, and wrapping pallets.

34.     At first, Plaintiff was paid $15 per hour and worked the overnight shift, from approximately 10pm until approximately 7-8am. He then received a raise to $16 per hour

and a schedule change to the shift from 3pm to 11pm. At the end of his employment, Plaintiff was earning $17 per hour.

35.    Plaintiff generally worked five or six days per week.

36.    He generally had a set start time for his shift, but no fixed end time.

37.    Plaintiff and other Hispanic employees were frequently expected to stay at work past the end of their shifts, while non-Hispanic employees were not.

38.    Mr. Iqbal and the other managers put a lot of pressure on Hispanic workers, including Plaintiff, to work faster and do more work than they expected workers of other races and ethnicities to do.

39.    For example, if a customer put in an order near the end of Plaintiff's regular shift, the managers expected him to stay past his shift to finish attending to the order and loading the truck.

40.    Plaintiff and other Hispanic workers were given a larger volume of work to do than non-Hispanic workers for the same or lower pay.

41.    Mr. Iqbal and other managers typically assigned the heavy work of loading and unloading trucks to Hispanic employees, while they assigned lighter tasks to employees of other ethnicities.

42.    Regularly throughout his employment, Plaintiff heard Mr. Iqbal refer to him and other Hispanic workers as "fucking Mexicans," "fucking stupid," "pinche Mexicanos" (fucking Mexicans), "pinche madre" (motherfucker), and other insulting and demeaning names.

43.    Mr. Iqbal also regularly shouted at Plaintiff and his Hispanic co-workers comments such as, "Be grateful to me. Without me you wouldn't have any fucking work," and "If you don't like it, there's the door."

44.    Employees of other races and nationalities were not subject to such epithets or ultimatums, while Hispanic employees such as Plaintiff endured frequent insults and demeaning comments from Mr. Iqbal.

45.    Upon information and belief, each of the Defendants knew about this conduct and acquiesced in it or failed to take steps to correct it, or should have known about it yet failed to exercise reasonable diligence to prevent it.

46.    Plaintiff has suffered, and continues to suffer, economic harm as a result of these events, including mental anguish, humiliation, emotional distress, psychological harm, and financial loss.

47.    Plaintiff was never provided with or informed of any policy about discrimination or retaliation in the workplace.

48.    Upon information and belief, Zafar Produce and Wali Trucking had no policies in place related to discrimination at any time during Plaintiff's employment.

49.    Upon information and belief, Defendants did not post information at the warehouse related to laws prohibiting discrimination.

50.    Upon information and belief, Defendants did not provide training to any employees on discrimination in the workplace.

## V.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Title VII – Discrimination**
**Against Zafar Produce, Inc. and Wali Trucking, Inc.**

51.    Plaintiff realleges and incorporates by reference all of the previous allegations as if fully set forth herein.

52.     By the actions set forth above, among others, Defendants have discriminated against the Plaintiff on the basis of race and/or national origin, in violation of Title VII.

53.     Defendants discriminated against Plaintiff and subjected him to a hostile work environment because of his race and/or national origin.

54.     As a result of Defendants' illegal actions, Plaintiff has suffered, and continues to suffer, economic and non-economic harm including loss of income, mental anguish, humiliation, and emotional distress for which he is entitled to damages.

55.     Defendants' actions were malicious and/or reckless violations of the law, for which Plaintiff is entitled to an award of punitive damages.

## SECOND CAUSE OF ACTION

### New York State Human Rights Law – Discrimination
### Against All Defendants

58.     Plaintiff realleges and incorporates by reference all of the previous allegations as if fully set forth herein.

59.     Defendants discriminated against Plaintiff and subjected him to a hostile work environment because of his race and/or national origin.

60.     Defendants' conduct constitutes illegal discrimination on the basis of race and/or national origin, in violation of N.Y. Exec. L. § 296.

61.     As a result of these illegal actions, Plaintiff has suffered damages, including lost compensation, mental anguish, humiliation, and emotional distress.

62.     Defendants' actions were malicious and/or reckless violations of Plaintiff's rights, for which he is entitled to an award of punitive damages.

## VI.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

63.    Declare the Defendants' conduct complained of herein to be in violation of Plaintiff's rights under Title VII;

64.    Declare the Defendants' conduct complained of herein to be in violation of Plaintiff's rights under the New York State Human Rights Law;

65.    Grant judgment to Plaintiff on his Title VII claims and award Plaintiff appropriate damages, fines, and penalties as provided for by statute or as the Court deems just and proper, including compensatory damages and punitive damages;

66.    Grant judgment to Plaintiff on his New York State Human Rights Law claims and award Plaintiff appropriate damages, fines, and penalties as provided for by statute or as the Court deems just and proper, including compensatory damages and punitive damages;

67.    Award Plaintiff reasonable attorneys' fees, costs, and interest; and

68.    Award Plaintiff such other legal and equitable relief as the Court deems appropriate.

## VII.    REQUEST FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury as to all claims to which he is entitled.

RESPECTFULLY SUBMITTED,

*/s/ Maureen Hussain*

Alana Roth
Maureen Hussain
WORKER JUSTICE CENTER OF NY
9 Main Street
Kingston, NY 12401
(845) 331-6615
aroth@wjcny.org

mhussain@wjcny.org

ATTORNEYS FOR THE PLAINTIFF

Dated: March 30, 2026